UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALFERET BOWMAN,<br>　　　Plaintiff | CIVIL ACTION NO.<br>3:17-cv-747-JAM |
| v. | |
| JLO AUTOMOTIVE, INC. d/b/a<br>EXECUTIVE KIA,<br>　　　Defendant | NOVEMBER 30, 2017 |

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO OPEN JUDGMENT</u>

Plaintiff submits that following memorandum in support of his motion to open the judgment in this matter.

I.　　BACKGROUND

Plaintiff commenced this action against JLO Automotive, Inc. d/b/a Executive Kia for violation of the Truth in Lending Act, the Credit Repair Organizations Act, and the Equal Credit Opportunity Act. Plaintiff also asserted pendent state court claims, including a claim under the CT Retail Installment Sales Finance Act ("RISFA"). Plaintiff alleges that he purchased a motor vehicle from Executive Kia pursuant to a retail installment sales contract. He further alleges that Executive Kia, as the holder of that contract, has refused to accept monthly payments and that it further violated RISFA. He seeks, among other relief, an order that he is not liable to Executive Kia for finance charges pursuant to RISFA, § 36a-786. *See* Complaint, ¶¶ 52-55.

Executive Kia claimed coverage under an insurance policy with Selective Insurance Co ("Selective") or one of its affiliates. Some time thereafter, the State of

1

Connecticut served Selective with a notice to remit any insurance proceeds to the State due to outstanding child support obligations owed by Plaintiff.

Subsequent to Selective's receipt of the order to remit, a settlement conference was held on August 31, 201 before Hon. Joan Margolis. The conference was attended by the parties, their attorneys, and by a representative of Selective. Neither Executive Kia nor Selective disclosed the existence of the remit order.

Plaintiff's settlement demands prior to the conference all entailed his retention of his car, a cash payment, and a restructuring of the retail installment sales contract at a reduced interest rate. Plaintiff's demand at the settlement conference included these same terms. The retention of his car was an important issue for Mr. Bowman, because he likes his car and requires transportation for his work and for his family needs.

The defendant, however, preferred a settlement that involved a return of Mr. Bowman's car to Executive Kia, and it made a counterproposal that involved that transfer plus a cash payment. In essence, Mr. Bowman would be relinquishing his car in exchange for the cash payment if he agreed to such a settlement.

Agreeing to such a settlement was problematic for Mr. Bowman, because he lacked the resources to purchase a substitute vehicle and, due to a significant change to his credit, it is difficult for him to finance the purchase of another vehicle without the funds to make a significant down payment. However, Mr. Bowman and his attorney were able to resolve that difficulty by explicitly negotiating terms that enabled him to purchase another vehicle. These terms were agreed to by Executive Kia, and they were material to the settlement agreement.

Specifically, the parties agreed at the settlement conference that the entire settlement amount would be paid to Plaintiff's attorney to be held by him in escrow **before** the vehicle was returned to Executive Kia. The parties further agreed that the funds could be released from escrow immediately upon the return of the vehicle. In that way, Mr. Bowman would have access to the settlement funds and could purchase a substitute vehicle without delay. These were material terms, explicitly spelled out and agreed to by all of the parties, and Mr. Bowman would not have agreed to surrender his car if this had not been included as part of the settlement.

Notably, Selective's representative at the settlement conference agreed to these terms, even though Selective was subject to an order that would preclude adherence to those terms. Nobody knew this except for Selective.

Following the parties apparent agreement to settle, the Court issued an order dismissing the case on August 31, 2017 and permitting the parties until September 30, 2017 to move to open the dismissal.

On September 3, a few days after the settlement conference, the undersigned sent Attorney Miles Esty, counsel for Executive Kia, a draft agreement that fairly and accurately incorporated the terms of settlement that had been agreed upon. A copy of that draft is attached hereto as Exhibit A. Attorney Esty informed the undersigned on September 5 that his client was unable to proceed with that agreement due to the remit order. Attorney Esty further advised that he had only been informed of the existence of the order on the day after the settlement conference.

The parties attempted, without success, to persuade the State that, under the circumstances of this case, it should release the order. Plaintiff filed two motions seeking an extension of the deadline to open the dismissal to permit those discussions. A second telephonic settlement conference was held before Judge Margolis on November 13, 2017. Executive Kia remains unable to comply with the settlement terms that it agreed upon at the prior conference, and the parties were unable to agree upon alternative settlement terms.

Since performance of the settlement agreement is impossible and has already been delayed by nearly three months, Plaintiff wishes to proceed with the lawsuit and seeks the opening of the judgment of dismissal.

II.     ARGUMENT

In relevant part, Fed. R. Civ. P. 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud[,] misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or (6) any other reason justifying relief from the operation of the judgment.

In this case, the judgment of dismissal entered following the parties agreement to settle. At the time of this agreement, Plaintiff did not know that a remit order had been served upon Executive Kia's insurer. Executive Kia and its counsel apparently entered into the agreement unaware that it would not be able to perform in accordance with the settlement terms, i.e., to make payment to Plaintiff's counsel **before** the return of the vehicle. The purpose of this agreement was to enable Mr. Bowman to purchase another vehicle, and he would not have agreed to this settlement absent this important

4

concession by Executive Kia. If he had known that this payment would not be made, he would not have agreed to relinquish the ownership of his car.

Consequently, the judgment entered as a result of "mistake, inadvertence, surprise [and] excusable neglect" by the parties. Additionally, the failure of Executive Kia's insurer to disclose the remit order prior to participating in this settlement constituted fraud, misrepresentation or misconduct, further justifying the opening of the judgment. Moreover, the impossibility of performance of the settlement in the manner agreed upon and contemplated by the parties justifies the opening of the judgment.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to re-open should be granted and a Rule 16 Conference should be scheduled for purposes of setting new deadlines for the completion of discovery, the filing of dispositive motions, and preparation of the trial preparation order.

PLAINTIFF, ALFERET BOWMAN,

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408;
    Fax (860) 571-7457

## CERTIFICATION

      I hereby certify that on November 30, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                        /s/ *Daniel S. Blinn*
                        Daniel S. Blinn